Chandler agt. Egan.

———◆◆———

## SUPREME COURT.

WILLIAM H. CHANDLER agt. JOHN EGAN.

Where a person with a crowd of others enters the premises of another, knowing that admission thereto had been obtained only by an act of violence by another, he enters wilfully, and is liable as a *trespasser*.

*New York General Term, May,* 1864.

*Before* LEONARD, *P. J.*, CLERKE *and* BARNARD, *Justices.*
APPEAL by defendant from a judgment at special term.

A. C. MORRIS, *for appellant.*
J. C. VAN LOON, *for respondent.*

By the court, LEONARD, J. The plaintiff was the occupant of the hall which was broken into. The defendant entered after the door was broken open. His act in entering was a trespass, although he took no part in breaking the door.

The judge was right in denying the motion to dismiss the complaint. The jury could not be instructed to limit their verdict to the actual damages which the defendant committed upon the plaintiff's property. The defendant invaded the rights of the plaintiff wilfully, by entering the hall where he knew admission had been obtained only by an act of violence.

The defendant's counsel asked the judge to charge that the defendant was rightfully there with the crowd that night, and that he is not answerable for the acts of the crowd, merely from the fact of his being there. The justice stated that he had substantially so charged, and declined to charge any further, and the counsel for the defendant excepted to the refusal so to charge. It was not true that the defendant was rightfully in the hall, and the learned justice could not have intended to assent to such a proposition. It must now be understood, as I think the request was taken by the judge, and as the counsel probably intended, that the defendant was near by at the room adjoining the hall where the election was held. Taking the request in that sense, it had no relation to the case. The defendant came into the hall among the foremost. The judge had not said anything from which the jury could infer that it was unlawful to attend the primary election, or go upon the premises adjoining the hall which

was broken into. The judge had the right to refuse to charge any matter not material to the case. The damages are larger than the trespass warranted, in my opinion.

The judgment should be reversed and a new trial ordered, on payment within twenty days of the costs of the appeal and of the trial, unless the plaintiff signs and files a consent remitting $150 from the amount of the verdict, within ten days after notice of this order, and in that case judgment is affirmed, without costs of the appeal.